## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                    CHAPTER 13

    **JONATHAN P. BARGER,**                    **Bankruptcy No: 18-14725-jkf**

    **Debtor.**

_____/

## ORDER

    **AND NOW**, this _____ day of _____2018, upon consideration of

Debtor's Objections to Proof of Claim of Syndcore Holding, LLC (Claim No. 3) and Motion for

a Valuation Pursuant to Fed. R. Bankr. P. 3012 (the "Objections") and Syndcore Holdings, LLC's

("Respondent") response thereto, it is hereby **ORDERED** that the Objections are **DENIED**. It is

**FURTHER ORDERED** that the value of the property located at 2505 Orthodox Street,

Philadelphia, Pennsylvania 19137 is $254,230.92, as provided in Respondent's Proof of Claim.


BY THE COURT:


_____
Honorable Jean K. FitzSimon
United States Bankruptcy Judge

**LAW OFFICE OF JASON RABINOVICH, PLLC**   *Attorney for Respondent Syndcore Holdings*
Jason Rabinovich, Esquire
Identification No. 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
E-mail: JasonRabinovich@jasonrabinovichlaw.com

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                              CHAPTER 13

    **JONATHAN P. BARGER,**                    **Bankruptcy No: 18-14725-jkf**

    **Debtor.**

_____/

**SYNDCORE HOLDINGS, LLC'S RESPONSE TO OBJECTIONS TO
PROOF OF CLAIM OF SYNDCORE HOLDING, LLC (CLAIM NO. 3)
AND MOTION FOR A VALUATION PURSUANT TO FED. R. BANKR. P. 3012**

Respondent Syndcore Holdings, LLC ("Respondent"), by and through its undersigned

counsel, hereby files this Response to Objections to Proof of Claim of Syndcore Holding, LLC

(Claim No. 3) and Motion for a Valuation Pursuant to Fed. R. Bankr. P. 3012. In support of its

Response, Respondent respectfully avers as follows:

    1.      Admitted.

    2.      Admitted.

    3.      Denied as stated. Respondent is the holder of the first mortgage and notes on 2505

Orthodox Street, Philadelphia, PA 19137 (the "Property"), having purchased both from Wells

Fargo Bank, National Association on October 18, 2016, after Debtor defaulted and failed to pay

all sums due and owing on the note. *See* Ex. A of Respondent's Motion for Relief from the

Automatic Stay.

4.      Denied as stated. Respondent received the assignment of the mortgage from Wells

Fargo Bank on October 18, 2016. *See* Ex. A of Respondent's Motion for Relief from the

Automatic Stay.

5.      Admitted.

6.      Admitted.

7.      Denied that the valuation of $254,230.92 is erroneous. Respondent purchased the

mortgage and notes from Wells Fargo for $160,000.00. Respondent discussed the Property's

value with Binswanger Management Corporation, a commercial real estate broker, who valued

the Property at $254,230.92.

8.      Admitted that the City of Philadelphia holds these two claims, denied that they

affect Respondent's status as a secured creditor.

9.      Admitted.

10.      Denied. Upon information and belief, Debtor and his family have operated a

plating business at the Property for generations, and the environmental contamination found in

the environmental study is a result of this business.

11.      Denied as stated. The environmental study found somewhat elevated levels of

contaminants in the soil. However, no remediation was required as long the 2505 Orthodox

Street and 2511 Orthodox Street (also owned by Debtor) continued as industrial use properties.

The study and report only called for additional testing to be done when/if the Property was

redeveloped.

12.      Denied that the Property's value is approximately $25,000.00. Respondent

purchased the mortgage and notes from Wells Fargo for $160,000.00. Respondent discussed the

2

Property's value with Binswanger Management Corporation, a commercial real estate broker, who valued the Property at $254,230.92.[1]

13.     The averment(s) of this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a response is required, admitted that 11 U.S.C. § 506(a) contains this text. Any further attempted characterization by Debtor is denied.

14.     The averment of this paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a response is required, the averment is denied as stated. Taking Respondent's valuation as true, Respondent's claim is fully secured, notwithstanding the City's claims.

15.     Denied that Respondent's claims should be deemed unsecured. Taking Respondent's valuation as true, Respondent's claim is fully secured, notwithstanding the City's claims. Respondent arrived at its valuation after consulting the City of Philadelphia's assessment and a commercial real estate broker. Debtor has provided no basis for his valuation.

WHEREFORE, Respondent respectfully requests that the Court determine that the value of the Property located at 2505 Orthodox Street is at least $254,230.92 and that Respondent's claim is secured.

---

[1] Furthermore, the City of Philadelphia has assessed the market value of the Property as $339,600.00 for the year 2019. Taking into account the environmental concerns detailed in the environmental study, $254,230.92 is a reasonable valuation, and Respondent believes that Debtor is severely undervaluing the property at $25,000.00 in order to avoid Respondent's claim.

RESPECTFULLY SUBMITTED,
**Law Office of Jason Rabinovich, PLLC**

BY: _____

Jason L Rabinovich, Esquire
*Attorney for Respondent Syndcore Holdings, LLC*

Dated:  November 21, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that I did cause a true and correct copy of Syndcore Holdings, LLC's

Response to Objections to Proof of Claim of Syndcore Holding, LLC (Claim No. 3) and Motion

for a Valuation Pursuant to Fed. R. Bankr. P. 3012 to be served via ECF e-filing upon all counsel

of record on or about the date below.

**Law Office of Jason Rabinovich, PLLC**

BY: _____

Jason L Rabinovich, Esquire
*Attorney for Respondent Syndcore Holdings, LLC*

Dated:  November 21, 2018