**LAW OFFICE OF JASON RABINOVICH, PLLC**     *Attorney for Movant Syndcore Holdings*
Jason Rabinovich, Esquire
Identification No. 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
E-mail: JasonRabinovich@jasonrabinovichlaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JONATHAN P. BARGER, | Bankruptcy No: 18-14725-jkf |
| Debtor. | |

_____/

**MOVANT'S RESPONSE TO RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION OF SYNDCORE HOLDING, LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT SYNDCORE TO PURSUE ITS FORECLOSURE ACTION ON 2505 ORTHODOX STREET, PHILADELPHIA, PENNSYLVANIA**

**I.     Introduction**

Movant, Syndcore Holdings, LLC ("Movant"), by and through its undersigned counsel, hereby files this Response to Respondent's Memorandum of Law in Opposition of Syndcore Holding, LLC for Relief from the Automatic Stay to Permit Syndcore to Pursue its Foreclosure Action on 2505 Orthodox Street, Philadelphia, Pennsylvania (the "Motion"). Movant respectfully requests that the Court grant the Motion and enter an Order terminating the automatic stay because Movant's interest in 2505 Orthodox Street (the "Property") is not adequately protected and Jonathan Barger ("Debtor" or "Respondent") lacks adequate insurance on the Property.

**II.     Facts**

Movant filed its Motion for Relief from the Automatic Stay on August 30, 2018, after Debtor filed for Chapter 13 bankruptcy on July 17, 2018, as 2505 Orthodox Street, Philadelphia, PA 19137 was about to proceed to a sheriff sale for unpaid city tax liens. Movant is the holder of the first mortgage and notes on the Property, having purchased both from Wells Fargo Bank on October 18, 2016, following Debtor's default. Mot. for Relief ¶ 2. Movant's Motion for Relief asked the Court to enter an Order terminating the automatic stay because, in relevant part, Debtor did not have insurance on the Property, leaving movant unsecured in the event of damage or total loss to the Property. Mot. for Relief ¶ 7.

At a hearing on September 26, 2018, Debtor's counsel represented that Debtor had insurance on the Property, and the Court directed Debtor to provide Movant with proof of insurance, including sufficient coverage for hazardous materials, by the following day. On September 27, 2018, Debtor provided Movant with a certificate of general business insurance with an effective date of September 26, 2018. At a hearing on October 10, 2018, this Honorable Court directed Debtor to provide Movant with proof of ***sufficient hazard insurance*** on the Property within a week's time. At this hearing, the Court agreed with Movant that the letter attached as Respondent's Exhibit B—stating that the chemicals used in Debtor's business did not limit policy coverage—was insufficient proof of hazardous materials coverage. The Court ordered Debtor to provide additional evidence of hazardous materials coverage within one week's time. At this time, no additional evidence of hazardous materials coverage has been provided.

On November 14, 2018, the Court directed Debtor to file the instant brief in response to Movant's Motion for Relief from the Automatic Stay. Following the hearing, counsel for both parties communicated, and Debtor's counsel asked Movant's counsel to send him a letter

addressing all of Movant's issues with the coverage. The undersigned counsel responded that he would discuss the request with his client, the Movant; however, the Court did not order Movant to submit any such letter, and Movant's counsel communicated Movant's issues with the insurance coverage during the November 14 hearing. At the hearing, the Court directed Debtor to submit the instant brief providing time for Movant to respond and for the Court to review the filings before the next hearing scheduled for November 28, 2018. However, Debtor filed his brief on November 21 at 11:51 p.m. immediately preceding the Thanksgiving holiday weekend—giving Movant minimal time to respond and allowing the Court minimal time to review the filings.

### III.    Legal Argument

The insurance policy provided by Debtor does not adequately protect Movant, and does not comply with the Court's directive given at the October 10th hearing, because it is only a general insurance policy for a commercial building and will not insure against incidents caused by the hazardous materials on the Property. In order to constitute sufficient coverage for hazardous materials, the Court should find that Debtor was required to obtain Pollution Liability Insurance on the Property in addition to his general liability policy.

Following the surge in federal and state legislation addressing liability for hazardous waste and environmental damage, insurance companies have "reacted in a concerted effort to disclaim coverage" for this type of damage under general liability insurance policies by adding a standard pollution exclusion clause to such policies. *Transamerica Ins. Co. v. Thomas M. Durkin & Sons, Inc.*, 1991 U.S. Dist. LEXIS 14318, at *4-7 (E.D. Pa. 1991). In 1986, the insurance industry adopted an "absolute" pollution exclusion that has since been enforced by courts and that excludes all but a very narrow category of pollution risks from coverage under general liability insurance policies. *Champion Dyeing & Finishing Co. v. Centennial Ins. Co.*, 810 A.2d

3

68, 70-71 (N.J. Super. Ct. App. Div. 2002). New products were then developed to meet the demand for insurance from environmental risks, including Pollution Liability Insurance. *Id.* at 71.

In the instant case, in order for Debtor to comply with the Court's order at the October 10 hearing, requiring verification that the insurance covers hazardous materials on the Property, Debtor should be required to obtain Pollution Liability Insurance. Otherwise, based on the activities conducted on the Property, Movant will not be adequately secured in the Property because the current insurance policy will not protect against incidents ***caused by*** the hazardous materials. And while the policy will protect against loss caused by a fire or explosion that is not related to the hazardous materials, it ***will not*** protect against the resulting loss if the fire or explosion is sparked or in any way caused by the hazardous materials themselves. Based on the fifty plus years of business operations using hazardous materials, there is a substantial likelihood that the insurance company will respond to a claim by arguing that hazardous materials caused the occurrence. Further, Debtor's contention that Frankford Plating II, Inc. and its predecessors have been operating for over fifty years at the Property with no incident stands in sharp contrast to Debtor's claims of environmental contamination advanced in his Objection to Syndcore's Proof of Claim. *See* ECF No. 38, at ¶ 9. In short, damage and loss resulting from hazardous materials is not a covered cause of loss in the current policy, and in fact is explicitly excluded from coverage. *See* Respondent's Ex. A, at 13-14. Therefore, the current policy does not adequately protect the Property or Movant's interest in the Property.

**IV.    Conclusion**

For the reasons set forth above, Movant respectfully requests that the Court enter an Order terminating the automatic stay and granting Movant leave to exercise its rights in state court, and that such further relief be granted as the Honorable Court deems fair and equitable.

4

                                      RESPECTFULLY SUBMITTED,
**Law Office of Jason Rabinovich, PLLC**

BY: _____
Jason L Rabinovich, Esquire
*Attorney for Movant*

Dated:  November 26, 2018

## CERTIFICATE OF SERVICE

     I hereby certify that I did cause a true and correct copy of Movant's Response to Respondent's Memorandum of Law in Opposition of Syndcore Holding, LLC for Relief from the Automatic Stay to Permit Syndcore to Pursue its Foreclosure Action on 2505 Orthodox Street, Philadelphia, Pennsylvania to be served via ECF e-filing upon all counsel of record for Debtor on or about the date indicated below.

                                                  **Law Office of Jason Rabinovich, PLLC**

BY: _____

                                                  Jason L Rabinovich, Esquire
                                                  *Attorney for Movant*

Dated:  November 26, 2018